LINK: 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8946 GAF (JCGx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Richard J. Glair v. City of Los Angeles et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes Kerr | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Richard J. Glair ("Glair" or "Plaintiff") brings this action against the City of Los Angeles ("the City"), John N. Incontro, Commander–Metropolitan Division ("Incontro"), and the Los Angeles Police Department ("LAPD"). He alleges that his civil rights were violated when LAPD officers—searching for a suspect—leveled a rifle at his head and entered his home without his permission. (Docket No. 1, Ex. 1 [Complaint ("Compl.")].)

The Court previously granted a partial motion for judgment on the pleadings in favor of Defendants Incontro and the City. (Docket No. 13 [2/19/14 Order].) In that order, the Court found that statutory immunity barred some of Glair's state law claims. (Id.) Plaintiff's remaining causes of action—among other things, for violations of 42 U.S.C. § 1983 and for false imprisonment—were left undisturbed. (Id.)

Plaintiff then filed a motion asking the Court to reconsider its decision. (Docket No. 14 [Mot. for Reconsideration].) The Court denied Glair's request; he had not presented any new evidence or new law, and could not point to any failure by the Court to consider material facts. (Docket No. 18 [3/19/14 Order].)

A new motion is now before the Court, asking it once again to revisit the 2/19/14 Order. (Docket No. 19 [3/28/14 Motion ("Mem.")].) Though he captions this motion as one seeking relief under Federal Rule of Civil Procedure 60(b) and 28 U.S.C. § 1292(b), the arguments in Plaintiff's new motion largely reiterate the arguments in his last one. That is, this appears to be little more than a renewed motion for reconsideration of the 2/19/14 Order.

LINK: 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 13-8946 GAF (JCGx) | Date | April 17, 2014 |
|---|---|---|---|
| Title | Richard J. Glair v. City of Los Angeles et al | | |

The Court will not entertain such a request. Glair presents no new arguments, so responding to them in full would amount to nothing more than a restatement of 3/19/14 Order. No new facts or legal theories have been supplied, and no material facts have gone unconsidered by the Court.

And to the extent that Plaintiff's motion actually seeks relief under 28 U.S.C. § 1292(b) or Rule 60(b), his request must still be denied.

Under Section 1292, a district court may certify an issue for interlocutory appeal if: (1) there is a "controlling question of law," (2) on which there are "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Certification should be granted "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id. at 1026 (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

This case will go on regardless of whether the Court's prior determinations ultimately withstand appellate review. Several of Plaintiff's causes of action are still active, and will continue regardless of the outcome of any appeal. An interlocutory appeal will therefore not "avoid protracted and expensive litigation," and certification must be rejected. Id.

Rule 60(b) is equally inapplicable. It applies only to relief from final judgment or appealable interlocutory orders. See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969) ("By its terms Rule 60(b) applies only to relief from a final judgment."); see also Sossa v. Clark, 2010 U.S. Dist. LEXIS 48818, at *6 (C.D. Cal. May 14, 2010) (denying relief because no final judgment had been entered); Green v. Colvin, 2014 U.S. Dist. LEXIS 51398, at *3–4 (C.D. Cal. Apr. 8, 2014) (same). And without Section 1292 certification, neither a final judgment nor an appealable interlocutory order has been entered in this case.

For each of these reasons, Plaintiff's current motion must be **DENIED**. The hearing previously scheduled for Monday, April 28, 2014, is hereby **VACATED**. In light of his recent motions, the Court would like to remind Plaintiff that a number of his claims are still active; the case itself has not been dismissed.

**IT IS SO ORDERED.**