O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. GLAIR, | Case No. CV 13-08946 DDP (JCGx) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION OF MAGISTRATE'S NON-DISPOSITIVE DISCOVERY RULING** |
| v. | |
| CITY OF LOS ANGELES, JOHN N. INCONTRO. COMMANDER-METROPOLITAN DIVISION LOS ANGELES POLICE DEPARTMENT, | [Dkt. No. 54.] |
| Defendants. | |

Plaintiff sues Defendants on the basis of alleged Fourth Amendment violations (and some state torts) committed when police officers searched Plaintiff's house while looking for a suspect who had fired a gun at police officers in Plaintiff's neighborhood. (Compl. generally.)

Presently before the Court is Plaintiff's objection to the magistrate judge's order granting Defendants' ex parte application to quash Plaintiff's notice of deposition of Defendants' "person most knowledgeable" ("PMK") pursuant to Rule 30(b)(6). (Dkt. No. 54.) The objection is timely under Rule 72(a) and Local Rule 72-

2.1. Defendants have filed a statement of opposition, attached to which is a memorandum previously filed with the ex parte. (Dkt. No. 55.) The Court has taken the matter under submission without oral argument. (Dkt. No. 56.)

A district court must modify or set aside any part of a magistrate judge's non-dispositive order that is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies to the magistrate judge's factual findings while the 'the contrary to law' standard applies to the magistrate judge's legal conclusions. <u>Yent v. Baca</u>, No. CV-01-10672 PA(VBKX), 2002 WL 32810316, at *2 (C.D. Cal. Dec. 16, 2002).

In this case, the magistrate granted the ex parte application without providing a reasoned order. (Dkt. No. 52.) The Court therefore checks the order against the record to ensure that it is not clearly erroneous or contrary to law. <u>Holland v. Island Creek Corp.</u>, 885 F. Supp. 4, 6 (D.D.C. 1995).

Plaintiff identified a number of subject areas on which he sought information in his initial notice of deposition; in his objection to the magistrate's order, however, he seeks reconsideration on only three. Plaintiff would like to depose a PMK as to "who were the officers who entered plaintiff's home." (Defs.' Ex Parte Application, Decl. Elizabeth Greenwood, Ex. A.) Plaintiff would also like to depose a PMK as to "who were the officers seated all night on the steps of 1183 1/2 Queen Anne and in the back of 1182 West Bl." (<u>Id.</u>) Finally, Plaintiff wishes to depose the PMK as to "any matters that arise out of said testimony." (<u>Id.</u>)

As to both substantive points on which Plaintiff objects, the information sought is merely identity information – names, essentially.  It was not error to quash the notice, without prejudice, when such information could be obtained far less obtrusively through other means, such as interrogatories or a request for production of relevant records.  <u>See, e.g.</u>, <u>Fuller v. Cnty. of Orange</u>, 276 F. App'x 675, 681 (9th Cir. 2008) (magistrate did not err in quashing notice of deposition in order to require exhaustion of less intrusive alternatives first, where order did not "entirely preclude" a deposition).[1]

Because the magistrate did not err in quashing the notice of deposition as to the substantive points, Plaintiff's request to be allowed to depose the PMK as to "any matters that arise out of said testimony" is moot.  (Defs.' Ex Parte Application, Decl. Elizabeth Greenwood, Ex. A.)

The Court therefore DENIES the motion.

IT IS SO ORDERED.

Dated: June 11, 2015

DEAN D. PREGERSON
United States District Judge

---

[1] The Court notes that up to now Plaintiff has not been able to get the precise information he seeks as to identity of the officers who were in his backyard through interrogatories. (Pl.'s Opp'n to Defs.' Ex Parte Motion, Ex. A.)  However, a more precise interrogatory as to the officers *in the yard*, eliminating the ambiguous word "home," might solve this problem.  If it does not, Plaintiff's best remedy is likely a motion to compel discovery, not a PMK deposition.

3