UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. GLAIR,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendant. | NO. CV 13-8946-DDP (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Plaintiff states that he does not oppose dismissal of Defendant Lopez. (Obj. at 4.)

In his objections, Plaintiff argues that, in Claim 4, he alleges that Defendants Sandell and Pultz entered his home in retaliation for Plaintiff's statement refusing them entry. Claim 4 does not currently make that allegation. On the contrary, as the Report describes:

> Plaintiff clearly alleges that approximately 200 police officers, including SWAT, conducted what turned out to be a five-hour manhunt for a suspect who was ultimately found three quarters of a block away from

| | |
|---|---|
| 1 | Plaintiff's apartment. (TAC ¶¶ 5-6, 9-13.) Four hours into the search, |
| 2 | police officers came up Plaintiff's driveway. One of them looked in his |
| 3 | front window and said, "keep your dog quiet, we want to look around." |
| 4 | (*Id.* ¶ 21.) Defendants went to the back where the suspect's shirt had |
| 5 | previously been found on Plaintiff's neighbor's property and decided to |
| 6 | search Plaintiff's apartment. (*Id.* ¶¶ 6, 24.) Defendants opened the |
| 7 | gate, banged on the back door and shouted "open the door, police, open |
| 8 | the door, police." (*Id.* ¶ 28, 30.) Plaintiff responded, "'what do you want, |
| 9 | I live here alone, you cant come in?'" (*Id.* ¶ 32.) Plaintiff opened the |
| 10 | door and saw two assault rifles pointed at his head by Sandell and Pultz. |
| 11 | (*Id.* ¶ 34.) Plaintiff said, "'you cant come in, you cant come in, I live here |
| 12 | alone, you can't come in.'" A defendant charged up the steps yelling, |
| 13 | "'we want to look around, we want to look around, I'm not going to shoot |
| 14 | you.'" (*Id.* ¶¶ 35-36.) The defendant searched Plaintiff's apartment and |
| 15 | then left. (*Id.* ¶¶ 37-40.) |

(Report at 8.) Plaintiff alleges that he had been aware of the manhunt and went outside every 20 minutes to "see the progress." (TAC ¶¶ 9, 13.)

To the extent Plaintiff seeks leave to amend Claim 4, the magistrate judge recommended denial of leave to amend because (1) Plaintiff has had more than one opportunity to amend his complaint in this 2013 case; and (2) Plaintiff cannot state a plausible retaliation claim consistent with his allegations in the TAC that police searched his home pursuant to a massive manhunt for a suspect, told Plaintiff they "want to look around," banged on the door and shouted to Plaintiff to "open the door" before Plaintiff said anything. *Griggs v. Pace A. Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) (court has discretion to deny leave to amend when pro se plaintiff had previous opportunities to amend).

Plaintiff's objection is overruled. Plaintiff's remaining objections are without merit and are overruled.

IT IS ORDERED that Defendants' motion to dismiss the TAC is GRANTED IN PART as follows: (1) Federal Claims 4, 5 and 7 are dismissed without leave to amend; (2) Federal Claims 6 and 9 are dismissed as to Defendant Lopez without leave to amend; (3) Federal Claim 8 is dismissed without prejudice to Plaintiff's ability to seek relief by appropriate motion in this action; (4) Defendants Does 1 and 2, Lopez, Greenwood, Brente, Peters, Lee, Pantoja and Randolph are dismissed; and (5) Defendants' motion to dismiss the TAC is denied in all other respects.

DATED: August 15, 2018

DEAN D. PREGERSON
United States District Judge